UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
[ERIE DIVISION]

PHL VARIABLE INSURANCE COMPANY
One American Row
Hartford, Connecticut

    Plaintiff,

-vs-

ALLAN M. ZEHE
990 Manchester Road
Fairview, Pennsylvania 16415-1703

    Defendant.

CASE NO. 11-281

JUDGE Sean J. McLaughlin

MAGISTRATE JUDGE

## COMPLAINT

AND NOW comes plaintiff, PHL Variable Insurance Company ("PHL"), by and through its undersigned attorneys, and files the following Complaint (the "Complaint") against Defendant, Allan M. Zehe (the "Defendant"):

## INTRODUCTORY STATEMENT

1. PHL is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business at One American Row, Hartford, Connecticut, and it is qualified and authorized to conduct business in the State of Pennsylvania.

2. Upon information and belief, Defendant is a citizen of the State of Pennsylvania.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332(a)(1) as it is between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Venue is proper pursuant to 28 U.S.C. Section 1391(a)

as this is the judicial district in which a substantial part of the events giving rise to the subject claim occurred and in which the Defendant resides and is subject to personal jurisdiction.

## FIRST COUNT

### Breach of Contract

4. PHL repeats and restates each and every allegation contained in Paragraphs 1 through 3 of this Complaint, as if fully rewritten herein.

5. On or about May 4, 2000, Defendant entered into an Independent Producer Contract (the "Agreement") with PHL's affiliate Phoenix Home Life Mutual Insurance Company. A true and exact copy of the Agreement is attached hereto as Exhibit A.

6. On or about December 18, 2003, Defendant entered into a Subsidiary Contract with PHL, which incorporated the terms of the Agreement by reference. A true and exact copy of the Subsidiary Contract is attached hereto as Exhibit B.

7. The Agreement provides for, among other things, compensation to Defendant in connection with the sale by Defendant of insurance and annuity products issued by PHL.

8. The Agreement further provides that the contract may be modified in whole or in part from time to time through standard Company communication procedures and that such modifications made after the date of the Agreement shall govern. See Agreement, Page 2, Section 8 – Modification of Contract.

9. In July 2007, PHL amended the Agreement (the "Amendment"). A true and exact copy of the Amendment is attached hereto as Exhibit C.

10. The Amendment requires that if Defendant is paid any compensation for the sale of a policy that has been enhanced with an Alternate Surrender Value Rider and the policy is subsequently surrendered, the Defendant shall repay to PHL the lesser of: 100% of the total

commission paid for the policy; or the amount of any cash surrender value enhancement due to such rider. See Amendment (Exhibit C), Footnote (c).

11. PHL has paid to Defendant commissions for the sale of certain life insurance policies, to wit: #XXXX0153, #XXXX0870, #XXXX0862, #XXXX6752, #XXXX6751, #XXXX6730, #XXXX6727, and #XXXX5414 (the "Policies") in the total sum of Four Hundred Eight Thousand Four Hundred Seven and 17/100 Dollars ($408,407.17).

12. The Policies have been surrendered and, as a consequence thereof, PHL paid an enhanced cash surrender value on each individual policy which was greater than the total amount of commissions paid for each individual policy.

13. As a result of the payment by PHL of the enhanced cash surrender value on each of the Policies, Defendant was, pursuant to the terms of the Amendment, required to repay to PHL the commissions paid to him on the sale of the Policies in the sum of Four Hundred Eight Thousand Four Hundred Seven and 17/100 Dollars ($408,407.17).

14. PHL has offset Defendant's trailing commissions against the amount owed. Defendant is indebted to PHL in the sum of Three Hundred Ninety-Nine Thousand Six Hundred Fifty-Six and 95/100 Dollars ($399,656.95).

15. PHL has duly demanded payment of said sum from Defendant, but Defendant has failed and refused to pay any portion of said sum.

16. As the result of the aforesaid, there is due and owing to PHL from Defendant, the sum of Three Hundred Ninety-Nine Thousand Six Hundred Fifty-Six and 95/100 Dollars ($399,656.95), with interest thereon.

## SECOND COUNT

**Unjust Enrichment**

17. PHL repeats and realleges each and every allegation contained in paragraphs 1 through 16, inclusive, of this Complaint as if set forth fully herein.

18. As a consequence of the surrender of the Policies and the payment by PHL of the enhanced cash surrender value, Defendant was, pursuant to the terms of the Amendment, required to repay to PHL the commissions paid to him on the sale of the Policies in the sum of Four Hundred Eight Thousand Four Hundred Seven and 17/100 Dollars ($408,407.17).

19. PHL has offset Defendant's trailing commissions against the amount owed. Defendant is indebted to PHL in the sum of Three Hundred Ninety-Nine Thousand Six Hundred Fifty-Six and 95/100 Dollars ($399,656.95).

20. Defendant has been unjustly enriched by his retention of the aforesaid sum of Three Hundred Ninety-Nine Thousand Six Hundred Fifty-Six and 95/100 Dollars ($399,656.95), to which he is not entitled.

21. PHL has been damaged by said unjust enrichment of Defendant.

**THIRD COUNT**

**Account Stated**

22. PHL repeats and realleges each and every allegation contained in paragraphs 1 through 21, inclusive, of this Complaint as if set forth fully herein.

23. Defendant, being indebted to PHL in the sum of Three Hundred Ninety-Nine Thousand Six Hundred Fifty-Six and 95/100 Dollars ($399,656.95), together with interest, upon an account stated between them, has failed to pay to PHL said sum upon demand. Payment has been demanded, but it has not been made.

**FOURTH COUNT**

**Conversion**

24. PHL repeats and realleges each and every allegation contained in paragraphs 1 through 23, inclusive, of this Complaint as if set forth fully herein.

25. Defendant has converted property belonging to PHL by wrongfully retaining the aforesaid sum and refusing to repay it to PHL, although repayment thereof has been duly demanded.

26. PHL has been damaged by Defendant's conversion of its property.

WHEREFORE, PHL demands judgment against Defendant as follows:

1. In the sum of Three Hundred Ninety-Nine Thousand Six Hundred Fifty-Six and 95/100 Dollars ($399,656.95), with interest accrued and accruing;

2. For punitive damages;

3. For counsel fees and costs; and

4. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

RAWLE & HENDERSON, LLP

Of Counsel:

By: /s/Keithley D. Mulvihill

Van R. Shirey
Chorpenning, Good & Pandora Co., LPA
605 South Front Street, Suite 210
Columbus, Ohio 43215
Tel: 614.469.1301
Fax: 614.469.0122
vrs@chorgood.com

Keithley D. Mulvihill
Pa. I.D. 34427

535 Smithfield Street, Suite 1000
Pittsburgh, PA  15222
Phone:  (412) 261-5700
Fax:  (412) 261-5710
Email:  kmulvihill@rawle.com

Attorneys for Plaintiff

4981766-1